UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **BRUCE DILLARD,** | **CASE NO. 1:05 CV 0855** |
| **Petitioner,** | |
| | **JUDGE DAN AARON POLSTER** |
| vs. | |
| **UNITED STATES OF AMERICA,** | **MEMORANDUM OF OPINION AND ORDER** |
| **Respondent.** | |

On March 31, 2005, Petitioner Bruce Dillard filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Motion"). (**ECF No. 1**). For the reasons that follow, the Motion is **DENIED** and the case is summarily **DISMISSED**.

## I.  Background

On March 1, 2001, a jury convicted Dillard of possession with intent to distribute cocaine base, use of a firearm in relation to a drug trafficking crime, possession of a firearm by a convicted felon, and two counts of distribution of cocaine base. *United States v. Dillard*, No. 01-3743, 2003 WL 22400724, at *2 (6th Cir. Oct. 20, 2003). He subsequently appealed his conviction

1

to the United States Court of Appeals for the Sixth Circuit, challenging his conviction on four grounds. *Id.* at *1.

Dillard argued on appeal that: (1) evidence found in his briefcase should have been suppressed because it was seized in violation of his Fourth Amendment rights; (2) the jury should have been instructed on the lesser included offense of simple possession; (3) his trial counsel was ineffective for failing to present evidence supporting the lesser included offense of simple possession; and (4) the weapons conviction should be reversed if the underlying drug conviction is reversed. *Id.* The Sixth Circuit affirmed his conviction, *id*, and the United States Supreme Court denied Dillard's petition for certiorari. *Dillard v. United States*, 541 U.S. 975 (2004).

In his timely § 2255 motion, Dillard alleges six grounds for challenging his sentence: (1) the evidence obtained from his unconstitutional arrest should have been suppressed; (2) his trial counsel was ineffective for failing to investigate or present eyewitness accounts of the events that occurred on the date of his arrest; (3) exculpatory evidence was withheld by the prosecution; (4) he was selectively prosecuted in violation of the Fourteenth Amendment; (5) his trial counsel was ineffective for failing to investigate or present eyewitness testimony (repeating the allegations of the second ground), for failing to properly develop a motion to dismiss due to selective prosecution, for failing to aggressively pursue the exculpatory evidence withheld by the prosecution, for failure to present evidence of witness bias, and failure to challenge his warrantless arrest; and (6) prosecutorial misconduct based on witness intimidation. *Motion*, at 5-6; *ECF No. 1, Attach. 1, Mem. in Support* ("Mem."), at 4-21. Dillard introduces a seventh ground for challenging his sentence in his attached

2

Memorandum in Support, inserted there as Ground Five. *Mem.* at 13-15. In this ground he alleges improper suppression of evidence of witness bias against him, including racial bias, and bias as a result of a civil suit for brutality and excess use of force he had filed against the arresting officers who testified against him in his criminal trial. *Id.*

## II. Law

Under 28 U.S.C. § 2255, a district court may grant relief to a prisoner in custody under a sentence imposed by a federal district court "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, . . ." *Id*. A motion under § 2255 is not a substitute for direct appeal and presents a higher standard that a petitioner must clear to bring a claim. *United States v. Frady*, 456 U.S. 152, 164 (1982). Once a defendant's chance to appeal has been waived or exhausted, there is a presumption that the conviction is fair and final. *Id.* A § 2255 motion may not be used to relitigate an issue that was raised and considered on direct appeal without some highly extraordinary circumstance, such as an intervening change in the law. *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999); *see also Davis v. United States*, 417 U.S. 333, 345 (1974).

A procedurally defaulted non-constitutional issue, an issue not raised at trial or on direct appeal, is waived and may only be raised on collateral review by a § 2255 motion when the alleged error constitutes a fundamental defect which inherently results in a complete miscarriage

3

of justice. *Reed v. Farley*, 512 U.S. 339, 354 (1994) (internal quotes and citations removed). Procedurally defaulted constitutional claims will not be heard without a showing of both cause which excuses the default, and actual prejudice resulting from the claimed errors. *Id.* at 358; *Frady*, 456 U.S. at 167-68; *Goode v. United States*, 305 F.3d 378, 382 (6th Cir. 2002).

The existence of cause to excuse a procedural default is dependent upon the petitioner's ability to show that some objective factor external to the defense impeded compliance with the procedural rules. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A showing that the factual or legal basis for a claim was not reasonably available to counsel or that interference by some officials made compliance with the procedural rules impracticable, would constitute cause under this standard. *Strickler v. Greene*, 527 U.S. 263, 283 (1999).

A showing of prejudice must be made along with the adequate showing of cause. *Reed*, 512 U.S. at 358. In order to show prejudice, the petitioner must show a reasonable probability that the result of the trial would have been different had the claimed errors, which were procedurally defaulted, not occurred. *Strickler*, 527 U.S. at 289-90.

### III. Application

Rule 4(b) of the Rules Governing § 2255 Proceedings requires the judge to whom it is assigned to promptly make a preliminary examination of the petition, records, and transcripts relating to the judgment under attack.

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify

4

> the moving party. If the motion is not dismissed, the judge must order
> the United States attorney to file an answer, motion, or other response
> within a fixed time, or to take other action the judge may order.

*Id*.  Having reviewed the records and transcripts relating to the judgment under attack, the Court finds that Petitioner's arguments are without merit, and concludes that summary dismissal is appropriate pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.

### IV.     Analysis

The first ground that Dillard presents is a Fourth Amendment claim challenging both his arrest and the subsequent search of his briefcase.  *Motion,* at 5; *Mem.*, at 4.  The Fourth Amendment claims were addressed in a pre-trial suppression hearing, during the trial, and on direct appeal.  *Dillard*, 2003 WL 22400724, at *2-9.  A § 2255 motion cannot be used to relitigate an issue that was raised and considered on direct appeal without some highly extraordinary circumstance, such as an intervening change in the law.  *Jones*, 178 F.3d at 796.  Dillard has not articulated any extraordinary circumstances or intervening changes in the law.

The second and fifth grounds that Dillard presents are ineffective assistance of counsel claims.  *Motion*, at 6; *Mem.* at 6-8.  An ineffective assistance of counsel claim was raised and addressed on direct appeal and is therefore barred in a § 2255 motion. *Young v. United States*, 805 F.2d 1037 (6th Cir. 1986); *United States v. Harper*,  No. 91-1578, 1991 WL 188165, at *1 (6th Cir. Sept. 24, 1991).  Dillard presents additional allegations of ineffective assistance of counsel which were not presented in his direct appeal, but which were known by him at that time.  *See Motion*,

5

at 5-6; *Mem.* at 6-8, 15-17. Simply raising different factual allegations under the same ground is insufficient to present that ground in a § 2255 motion when that ground has previously been addressed. *Young v. United States*, No. 92-5659, 1993 WL 40845, at *2 (6th Cir., Feb 17, 1993); *see also Sanders v. United States*, 373 U.S. 1, 16 (1963).

The third and sixth grounds that Dillard raises are both prosecutorial misconduct claims. *Motion*, at 5-6; *Mem.* at 8-10, 17-20. No issues of prosecutorial misconduct were raised on direct appeal despite the fact that they were raised at trial. *Mem.* at 9, 18. Dillard shows no cause for not raising these issues on appeal. *Reed*, 512 U.S. at 358; *Frady*, 456 U.S. at 167-68; *Goode*, 305 F.3d at 382.

The fourth ground which Dillard raises is a Fourteenth Amendment selective prosecution claim. *Motion*, at 6. This ground was not raised on direct appeal and Dillard shows no cause for that procedural default. *Reed*, 512 U.S. at 358; *Frady*, 456 U.S. at 167-68; *Goode*, 305 F.3d at 382.

The seventh ground for relief, which appears in his memorandum as Ground Five, is a suppression of evidence claim. *Mem.* at 13-15. The issue was addressed by the trial court in a suppression hearing. *Id.* at 14. It was not raised on direct appeal and Dillard shows no cause for that procedural default. *Reed*, 512 U.S. at 358; *Frady*, 456 U.S. at 167-68; *Goode*, 305 F.3d at 382.

## V. Conclusion

Accordingly, since it is apparent from an examination of the Petition, transcript, files and record that Dillard's claim is meritless, his § 2255 Petition (**ECF No. 1**) is summarily **DENIED** .

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster     4/19/2005*
**Dan Aaron Polster
United States District Judge**